AOYAGI, J., dissenting.
To establish that a person is a danger to others within the meaning of ORS 426.005(1)(f)(A), the state must establish by clear and convincing evidence that "actual future violence is highly likely." State v. L.D. , 247 Or. App. 394, 400, 270 P.3d 324 (2011). Past acts "can justify a finding of dangerousness, so long as the acts clearly form a foundation for predicting future dangerousness." State v. L. R. , 283 Or. App. 618, 625, 391 P.3d 880 (2017) (citation omitted). However, "[e]ven evidence of past violent acts must provide a foundation to predict future dangerousness, not merely describe past isolated incidents." Id ."Conclusions based on conjecture as to whether appellant poses a danger to others are *386 insufficient." Id . (citation omitted); see also State v. S. R. J. , 281 Or. App. 741, 749, 386 P.3d 99 (2016) (describing the type of "danger" necessary to justify an involuntary civil commitment as "a narrow range of serious and highly probable threats of harm"). "We impose those rigorous standards because of the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." L. R. , 283 Or. App. at 625-26, 391 P.3d 880 (internal quotation marks omitted).
The evidence in this case is certainly sufficient to establish that defendant has a mental disorder. However, in my view, applying the applicable legal standard as described in the majority opinion, the evidence is insufficient as a matter of law to establish that she is a danger to others within the meaning of ORS 426.005(1)(e)(A). Accordingly, I dissent.